HARRIS, C.M., Senior Judge.
Coleman was convicted of possession of a firearm by a convicted felon. His appeal to this court was affirmed. Coleman v. State, 39 So.3d 333 (Fla. 5th DCA 2010). Coleman now argues on his motion for post-conviction relief that his counsel was ineffective in that: (1) he failed to depose and call certain witnesses, (2) he improperly advised defendant that if he testified at trial, the State could inquire as to the details of his prior convictions so he did not testify, (3) he failed to advise defendant as to the maximum sentence he was facing so he rejected a more favorable plea offer, (4) he improperly “opened the door” so that a baggie of cannabis was admitted into evidence, (5) he improperly argued the motion for judgment of acquittal, and (6) he failed to move for mistrial based on misleading jury instructions.
The court summarily denied grounds (5) and (6) and ordered a hearing on the remaining points. Subsequently, however, the court also summarily denied ground (4). First, the summary dispositions:
(4) The court found, based on appropriate testimony (included in the record), that defense counsel’s use of the cannabis baggie was strategic and therefore not ineffective representation.
(5) Defense counsel did move for judgment of acquittal based on insufficient evidence that defendant possessed the firearm. The motion was denied. This issue was raised and rejected on appeal.
(6) The jury instructions were the standard instructions approved for the offense. See Thompson v. State, 759 So.2d 650 (Fla.2000).
Concerning the remaining issues, an evidentiary hearing was held and defense counsel and appellant testified. Although their testimony was in conflict, the record justifies the court’s determination that the appropriate witnesses were called, appellant was not misadvised concerning the appropriate State inquiry into his criminal record if he testified, and appellant was properly advised as to the maximum *824 penalty should he wish to accept a plea offer.
AFFIRMED.
ORFINGER, C.J. and GRIFFIN, J., concur.